Zheng "Andy" Liu (SBN 279327)
Email: alui@weintraub.com
Telephone: (949) 999-6641
WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
        LAW CORPORATION
23 Corporate Plaza, Suite 200
Newport Beach, CA  92660
Facsimile:  (949) 760-2507

*Attorneys for Defendant*
*JollyChic Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&SM.INT'L, a South Korea corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>JOLLYCHIC INC., a Delaware Corporation; HAIYAN LI, an individual; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. 2:18-cv-03648-CBM-AFM<br><br>**DEFENDANT JOLLYCHIC INC.'S MEMORADUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date:  December 18, 2018<br>Hearing Time:  10:00 AM<br>Hearing Location:  350 W. 1st Street, Los Angeles, Ca 90012, Courtroom 8B<br><br>Trial Date:  October 1, 2019<br>Pre-Trial Conference Date:  September 3, 2019 |

1
2
## TABLE OF CONTENTS
3    I.    INTRODUCTION ........................................................................ 1
4    II.    BACKGROUND ......................................................................... 2
5    III.    LEGAL STANDARD .................................................................. 5
6        A.    Legal Standard for Motion for Judgment on the Pleadings ................. 5
7    IV.    ARGUMENT ............................................................................ 6
8        A.    In Copyright Cases, it is Appropriate to Challenge Substantial
9              Similarity on the Pleadings ................................................ 6
10        B.    Plaintiff Fails to Demonstrate "Substantial Similarity" Between
11              the Works' Protected Elements ............................................ 8
12              1.    In Evaluating Substantial Similarity, District Courts in
13                    the Ninth Circuit Apply the Extrinsic Test and Filter Out
14                    Unprotectable Elements ............................................ 8
15              2.    Applying the Extrinsic Test, There is No "Substantial
16                    Similarity" Between the Subject Design and Accused
17                    Garment, as a Matter of Law ...................................... 11
18        C.    Plaintiff's Contributory and Vicarious Copyright Infringement
19              Claims Also Fail as a Matter of Law Because There is No
20              Direct Infringement ...................................................... 12
21        D.    Leave to Amend Is Not Warranted ...................................... 13
22    V.    CONCLUSION ........................................................................ 13
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004
(9th Cir. 2001) ...................................................................15

*Apple Computer Corp. v. Microsoft Corp.,* 35 F.3d 1435
(9th Cir. 1994) ...................................................................12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................8

*Cavalier v. Random House*, 297 F.3d 815 (9th Cir. 2002) ....................4, 8, 11, 12

*Christianson v. W. Publ'g Co.*, 149 F.2d 202 (9th Cir. 1945) ..........................9, 10

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994)................................8

*Contra Muromura v. Rubin Postaer & Assocs.*, No. CV-12-09263-DDP-
AGRX, 2015 WL 1728324, at *2-4 (C.D. Cal. Apr. 15, 2015).........................13

*Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*, 697 F. Supp. 1136
(E.D. Cal. 1987)...................................................................10

*Esplanade Prods. v. Walt Disney Co.,* No. CV 17-02185-MWF (JCx), 2017
U.S. Dist. LEXIS 217700, at *26 (C.D. Cal. Nov. 8, 2017)...............................11

*Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763 (9th Cir. 2003)..................12, 13, 14

*Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068 (9th Cir. 2000).........................4, 12

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.,* 462 F.3d 1072
(9th Cir. 2006) ...............................................................10, 11

*Gallagher v. Lions Gate Entertainment, Inc.*, 2015 WL 12481504
(C.D. Cal. 2015) ...................................................................15

*Harold Lloyd Corp. v. Witwer*, 65 F.2d 1 (9th Cir. 1933)......................................13

*Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control
Dist.*, 644 F.3d 934 (9th Cir. 2011) .......................................................8

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841

   (9th Cir. 2012) ....................................................................passim

*Lawrence v. Sony Pictures Entm't, Inc.*, 534 F. App'x 651

   (9th Cir. 2013) ...........................................................................15

*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522 (9th Cir. 2008) ................15

*Olson v. National Broadcasting Co., Inc.*, 855 F.2d 1446

   (9th Cir. 1988) .............................................................................5

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57

   (2d Cir. 2010).............................................................................10

*Rentmeester v. Nike, Inc.,* 883 F.3d 1111 (9th Cir. 2018).............................passim

*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003).....................................4, 13

*Schwarz v. United States,* 234 F.3d 428 (9th Cir. 2000) .......................................10

*Shame on You Prods. v. Banks,* 120 F. Supp. 3d 1123

   (C.D. Cal. 2015) .....................................................................9, 10

*Shaw v. Lindheim,* 919 F.2d 1353 (9th Cir. 1990) .................................................11

*Silas v. HBO, Inc.* 713 F.App'x 626 (9th Cir. 2018) ................................................9

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998) ...........................15

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006,

   (9th Cir. 2013) ...........................................................................14

*United States ex rel. Cafasso v.  Gen. Dynamics C4 Sys.,* Inc., 637 F.3d 1047

   n.4 (9th Cir. 2011) ......................................................................8

*White v. Twentieth Century Fox Corp.* 572 F.App'x 475 (9th Cir. 2014)...............9

*Wild v. NBC Universal, Inc.*, 788 F. Supp. 2d 1083 (C.D. Cal. 2011)...................10

*Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124

   (C.D. Cal. 2007) ...................................................................8, 9, 10

**Statutes**

37 C.F.R. § 202.1(a) ...........................................................................11

1  **Treatises**

2  U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT

3  OFFICE PRACTICES § 906.1 (3d ed. 2017).......................................................11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant JollyChic, Inc. ("JollyChic") respectfully submits this Memorandum in support of its Motion for Judgment on the Pleadings as to Plaintiff C&SM.INT'L's ("Plaintiff) Complaint ("Complaint') (Dkt. 1).[1]

## I.   INTRODUCTION

Plaintiff's claim that Defendant JollyChic's Accused Garment (Dkt. No. 1 at ¶ 15; Dkt. No. 1-3) supposedly infringes Plaintiff's Subject Design (Dkt. No. 1 at ¶ 11; Dkt. No. 1-1) fails the Ninth Circuit's extrinsic test for substantial similarity as a matter of law and should therefore be dismissed.  In applying the extrinsic test, courts "distinguish protectible from unprotectible elements and ask only whether the protectible elements in two works are substantially similar."  *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012); *Cavalier v. Random  House*, 297 F.3d 815, 822-23 (9th Cir. 2002) (in applying extrinsic test, courts must "filter out and disregard the non-protectable elements in making [the] substantial similarity determination").

The kinds of "non-protectable elements" that courts must "filter out and disregard" (*Cavalier*, 297 F.3d at 822-23) in applying the extrinsic test for substantial similarity include ideas, stock elements, and scènes à faire.  *See, e.g.*, *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) ("expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law"); *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000) ("*Ets-Hokin I*") ("Under the merger doctrine, courts will not protect a

---

[1] Plaintiff C&SM.INT'L has filed approximately 40 separate complaints for copyright infringement in the Central District of California alone over the last two years.  Moreover, the law firm representing this Plaintiff has filed almost a hundred separate copyright infringement lawsuits in the Central District this year alone.

copyrighted work from infringement if the idea underlying the copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea. In such an instance, it is said that the work's idea and expression 'merge.' Under the related doctrine of scènes à faire, courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea; like merger, the rationale is that there should be no monopoly on the underlying unprotectable idea."). This process of filtering out unprotectable elements, such as mere ideas, while evaluating substantial similarity under the extrinsic test is sometimes called "analytic dissection." *See, e.g., Olson v. National Broadcasting Co., Inc.*, 855 F.2d 1446, 1453 (9th Cir. 1988) (even if a reasonable jury were to find substantial similarity in total concept and feel, there is no infringement "where analytic dissection demonstrates that all similarities in expression arise from the use of common ideas").

Here, plaintiff's claim for copyright infringement of the Subject Design cannot withstand analytic dissection. Plaintiff has not alleged or identified any particular elements embodied within the Subject Design that it claims constitute its own protectable, original expression. Instead, Plaintiff's Subject Design consists of repeating basic geometric shape and floral patterns. In other words, the selection and arrangement of the various elements appearing in the Subject Design is the fabric equivalent of an unprotectable stock element or scène à faire.

Since there is no substantial similarity between any protectable element of plaintiff's design and defendant's product, JollyChic respectfully requests that judgment on the pleadings be granted in its favor as to the Subject Design.

## II.   BACKGROUND

In its Complaint, Plaintiff alleges three causes of action against Defendant JollyChic: a primary claim for direct copyright infringement, and two secondary

claims for vicarious and contributory copyright infringement.[2]  As relevant here, Plaintiff generically alleges copyright infringement in its complaint as follows:

> 14.  Plaintiff is informed and believes and thereon alleges that Defendants, each of them, had access to the Subject Designs, including without limitation, through: (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs.

> 15.  Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant JOLLYCHIC purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design. A true and correct copy of such a garment is attached hereto as Exhibit C. Said garments include but are not limited to garments sold by JOLLYCHIC under "#26J28110GWB" and "#5HW28110KCP".

> 16.  At various times Defendant JOLLYCHIC owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

Complaint at ¶¶ 14 – 16.

---

[2] Prior accused individual defendant Hiayan Li has already been dismissed without prejudice. *See* Dkt. No. 34.  Therefore, JollyChic is the sole remaining defendant in this case.

1    The Subject Design and Accused Garment are as follows in a side-by-side

2    comparison:

3

| Plaintiff's Subject Design (Dkt. No. 1-1): | Defendants' Accused Garment (Dkt. No. 1-3): |
|---|---|
|  | |

MOTION FOR JUDGMENT ON THE PLEADINGS          4          Case No.: 2:18-cv-03648-CBM-AFM

Case 2:18-cv-03648-CBM-AFM    Document 1-1    Filed 04/30/18    Page 2 of 12    Page ID #:12

As can be seen, there is no substantial similarity between plaintiff's Subject Design and defendants' Accused Garment.

## III.   LEGAL STANDARD

### A.   Legal Standard for Motion for Judgment on the Pleadings

The substantive standard governing a Rule 12(c) motion is "functionally identical" to that governing a Rule 12(b)(6) motion.  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." *Jensen Family Farms, Inc. v.  Monterey Bay Unified Air Pollution Control Dist.*, 644 F.3d 934, 937 n.1 (9th Cir. 2011).

As with a Rule 12(b)(6) motion, a claim must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic  Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the allegations of material fact in the complaint are taken as true, a court "is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

## IV.    ARGUMENT

### A.    In Copyright Cases, it is Appropriate to Challenge Substantial Similarity on the Pleadings

It is well-settled that to state a claim for copyright infringement, a plaintiff must establish, *inter alia,* that "'the works at issue are ***substantially similar*** in their ***protected*** elements.'"  *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1132-33 (C.D. Cal. 2007) (emphasis added) (quoting *Cavalier v. Random House, Inc.,* 297 F.3d 815, 822 (9th Cir. 2002)).  Indeed, as the Ninth Circuit recently confirmed, even if a plaintiff could establish that the defendant *actually copied* his work, this would not be enough to impose liability, because the Copyright Act does not forbid copying of "ideas" or "concepts;" rather, the plaintiff must demonstrate that the copying in question is ***unlawful,*** because the defendant copied "enough of the plaintiff's [protected] ***expression*** of those ideas or concepts to render the two works 'substantially similar.'" *Rentmeester v. Nike, Inc.,* 883 F.3d 1111, 1117 (9th Cir. 2018) (emphasis added).  Thus, absent the requisite "substantial similarity" in protectable expression, a plaintiff's copyright claim must be dismissed, regardless of whether the other elements of its claim are satisfied— including whether or not plaintiff has established that defendants had "access to" or "actually copied" its work.  *See, e.g., id.; White v. Twentieth*

*Century Fox Corp.* 572 F.App'x 475, 476 (9th Cir. 2014); *Shame on You Prods. v. Banks,* 120 F. Supp. 3d 1123, 1150 (C.D. Cal. 2015). [3]

"[T]he Ninth Circuit has [long] noted that … 'when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss.'" *Zella*, 529 F. Supp. 2d at 1130 (quoting *Christianson v. W. Publ'g Co.*, 149 F.2d 202, 203 (9th Cir. 1945)).  Indeed, the Ninth Circuit has twice affirmed this principal just this year.  See *Rentmeester*, 883 F.3d at 1123 (affirming dismissal where "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar"); *Silas v. HBO, Inc.* 713 F.App'x 626, 627 (9th Cir. 2018).  In conducting this review, "the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings."  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 64 (2d Cir. 2010) (internal quotations and citations omitted); *see also Schwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000) (a "court need not accept as true … allegations that contradict facts that may be judicially noticed").

Therefore, courts in this District routinely grant motions to dismiss for lack of substantial similarity.  *E.g.*, *Wild v. NBC Universal, Inc.*, 788 F. Supp. 2d 1083, 1109 (C.D. Cal. 2011) (alleged infringement of copyright in a novel); *Shame on You Prods., Inc. v. Elizabeth Banks*, 120 F. Supp. 3d 1123, 1171 (C.D. Cal. 2015), *aff'd sub nom.*, *Shame on You Prods., Inc. v. Banks*, 690 F. App'x. 519 (9th Cir. 2017) (alleged infringement of screenplay); *Zella* 529 F. Supp. 2d at 1139 (C.D. Cal. 2007) (alleged infringement of script for talk/cooking show).

---

[3] Although Defendant does not move on these other elements at this time, it denies it had access to or actually copied the Subject Design (among other defenses), and expressly reserves its right to raise these issues in the future.

Works of visual art are also proper subjects for motions to dismiss due to lack of substantial similarity. *Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*, 697 F. Supp. 1136, 1144 (E.D. Cal. 1987) (visual depictions of raisin characters lacked substantial similarity of protected expression, given that the only similarity was "the common idea of an anthropomorphic raisin"); *Christianson*, 149 F.2d at 203 (dismissing claim for copyright infringement of a U.S. map, finding that Plaintiff's protected material was limited to the arrangement and color scheme and did not include, for example, the outline of the U.S. with state boundaries, which is in the public domain).

**B.    Plaintiff Fails to Demonstrate "Substantial Similarity" Between the Works' Protected Elements**

**1.    In Evaluating Substantial Similarity, District Courts in the Ninth Circuit Apply the Extrinsic Test and Filter Out Unprotectable Elements**

"[D]etermining whether works are substantially similar involves a two-part analysis consisting of the 'extrinsic test' and the 'intrinsic test.'" *Rentmeester*, 883 F.3d at 1118; *see also, e.g., Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006). "A finding of substantial similarity under the extrinsic component is a necessary prerequisite to considering the intrinsic component, which is expressly reserved for the jury." *Esplanade Prods. v. Walt Disney Co.*, No. CV 17-02185-MWF (JCx), 2017 U.S. Dist. LEXIS 217700, at *26 (C.D. Cal. Nov. 8, 2017) (citing *Shaw v. Lindheim*, 919 F.2d 1353, 1360-61 (9th Cir. 1990)). Accordingly, on a motion to dismiss, only the extrinsic test is relevant; "[a] failure to satisfy the extrinsic component on a motion to dismiss … requires judgment for the defendant as a matter of law." *Id.* (citing *Funky Films*, 462 F.3d at 1077); *see also Rentmeester*, 883 F.3d at 1118.

The extrinsic test "is objective in nature…" *Funky Films*, 462 F.3d at 1077. In applying the extrinsic test, courts "distinguish protectible from unprotectible elements and ask only whether the protectible elements in two works are

substantially similar." *L.A. Printex*, 676 F.3d at 849; *Cavalier*, 297 F.3d at 822-23 (in applying extrinsic test, courts must "filter out and disregard the non-protectable elements in making [the] substantial similarity determination"). Unprotectable stock elements include, without limitation, basic "geometric shapes" and "straight or curved lines." *See* U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 906.1 (3d ed. 2017) ("The Copyright Act does not protect common geometric shapes, either in two-dimensional or three-dimensional form... including, without limitation, straight or curved lines..."); *cf.* 37 C.F.R. § 202.1(a) ("Familiar symbols and designs are not protected by the Copyright Act.").

Accordingly, "[a]s the Ninth Circuit has emphasized, the Court 'must take care to inquire only whether "the ***protectable elements, standing alone,*** are substantially similar" and thus must "filter out and disregard the non-protectable elements"'"—including shared ideas, concepts, and *scènes à faire*—"when considering substantial similarity." *Esplanade Prods.,* 2017 U.S. Dist. LEXIS 217700, at *27 (quoting *Cavalier,* 297 F.3d at 822) (emphasis in original); *see also, e.g., Rentmeester,* 883 F.3d at 1118.[4]

---

[4] In exploring the idea/expression dichotomy, the Ninth Circuit has developed two limiting doctrines, called merger and scènes à faire, whereby courts will refuse to protect a copyrighted design on the theory that allowing a plaintiff to protect the design would grant the plaintiff an improper monopoly on a basic idea. "Under the merger doctrine, courts will not protect a copyrighted work from infringement if the idea underlying the work can be expressed only in one way, lest there be a monopoly on the underlying idea. In such an instance, it is said that the work's idea and expression 'merge.' Under the related doctrine of scènes à faire, courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea...." *Ets–Hokin I,* 225 F.3d at 1082. "Likewise, when similar features of a work are 'as a practical matter indispensable, or at least standard, in the treatment of a given idea, they are treated like ideas and are therefore not protected by copyright.'" *Ets-Hokin v. Skyy Spirits, Inc.,* 323 F.3d 763, 765–66 (9th Cir. 2003) ("*Ets-Hokin II*") (quoting *Apple Computer Corp. v. Microsoft Corp.,* 35 F.3d 1435, 1444 (9th Cir. 1994)).

For example, in *L.A. Printex*, the Ninth Circuit compared two-dimensional fabric designs (like the works at issue here) and determined that certain elements claimed by the plaintiff were not protectable. *L.A. Printex,* 676 F.3d at 850 ("The idea of a floral pattern depicting bouquets and branches is not protectible, and [Plaintiff's design] has elements that are not protectible, for example the combination of open flowers and closed buds in a single bouquet or the green color of stems and leaves.").

Similarly, in *Ets-Hokin II*, the Ninth Circuit applied the merger and scènes à faire doctrines to deny protection to a plaintiff who was suing over photographs of Skyy vodka bottles. The Court found that "[t]hough the Ets–Hokin and Skyy photographs are indeed similar, their similarity is inevitable, given the shared concept, or idea, of photographing the Skyy bottle. When we apply the limiting doctrines, subtracting the unoriginal elements, Ets–Hokin is left with only a 'thin' copyright, which protects against only virtually identical copying." The Court continued, "the lighting differs; the angles differ; the shadows and highlighting differ, as do the reflections and background. The only constant is the bottle itself. The photographs are therefore not infringing." *Ets-Hokin II*, 323 F.3d at 765–66.

And, in *Satava*, the Ninth Circuit relied on the same principles to deny protection to a plaintiff who was suing on a glass sculpture depicting a jellyfish. The Court reasoned "Satava's glass-in-glass jellyfish sculptures, though beautiful, combine several unprotectable ideas and standard elements. These elements are part of the public domain. They are the common property of all, and *Satava* may not use copyright law to seize them for his exclusive use." The Court continued, "[o]ur case law suggests, and we hold today, that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship. . . The combination of unprotectable

elements in Satava's sculpture falls short of this standard." *Satava* 323 F.3d at 810–11 (citations omitted).

> **2.    Applying the Extrinsic Test, There is No "Substantial Similarity" Between the Subject Design and Accused Garment, as a Matter of Law**

Here, Plaintiff did not allege in the Complaint any specific elements it claims are original in the Subject Design. *See Complaint* at ¶¶ 14-16; s*ee also, e.g. Contra Muromura v. Rubin Postaer & Assocs.*, No. CV-12-09263-DDP-AGRX, 2015 WL 1728324, at *2-4 (C.D. Cal. Apr. 15, 2015) (granting motion to dismiss "[b]ecause Plaintiffs have failed to meet their burden to identify specific, objective, protectable elements"); *Harold Lloyd Corp. v. Witwer*, 65 F.2d 1, 22 (9th Cir. 1933) ("The plaintiff... should be expected to state to us what it is in the [work] that is copyrightable as new and novel and what part of such material, if any, has been misappropriated by the [defendant].").

Instead, just as in *L.A. Printex, Ets-Hokin II,* and *Satava*, the Subject Design consists predominately of unprotectable elements.  Namely, here, the Subject Design consists of repeating basic geometric shape and floral patterns. Moreover, to the extent there is any similarity, which there is little, between Plaintiff's Subject Design and Defendant's Accused Garment, "their similarity is inevitable, given the shared concept, or idea, of" doing such basic repeating shape and floral patterns.  *See Ets-Hokin  II*, 323 F.3d at 765–66.; *LA Printex,* 676 F.3d at 850.  Since "the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity" rather than the lower bar of substantial similarity. *See Ets-Hokin  II*, 323 F.3d at 765–66.

If, in its opposition, Plaintiff conjures up some small detail as supposedly embodying its own original authorship, which can be seen in common between the Plaintiff's Subject Design and Defendant's Accused Garment, that is unlikely to

be make any difference.  Because even if Plaintiff could articulate some part of the Subject Design that it supposedly authored, "courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea...."  *Ets–Hokin I,* 225 F.3d at 1082.  "Likewise, when similar features of a work are 'as a practical matter indispensable, or at least standard, in the treatment of a given idea, they are treated like ideas and are therefore not protected by copyright.'"  *Ets-Hokin II,* 323 F.3d at 765–66.

In short, after engaging in analytic dissection and filtering out the unprotectable aspects of plaintiff's Subject Design, there is nothing left to objectively support a finding of substantial similarity with the Accused Garment. Therefore, Defendant's motion for Judgment on the pleadings should be granted.

### C.   Plaintiff's Contributory and Vicarious Copyright Infringement Claims Also Fail as a Matter of Law Because There is No Direct Infringement

"It is well-established that '[s]econdary liability for copyright infringement does not exist in the absence of direct infringement . . . .'"  *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1031 (9th Cir. 2013) (quoting *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)).  Here, there is no direct infringement because there is no substantially similarity between the Subject Design and Accused Garment.  As a result, Plaintiff's claims of secondary infringement for vicarious copyright infringement and contributory copyright infringement must also fail, and Plaintiff's second and third claims should be dismissed.  See, e.g., *Lawrence v. Sony Pictures Entm't, Inc.*, 534 F. App'x 651, 654 n.2 (9th Cir. 2013) ("Since Lawrence has failed to raise a material issue of fact with regard to direct copyright infringement of either the Video or the Book, she necessarily fails to establish contributory or vicarious copyright infringement." (citing *A & M Records*, 239 F.3d at 1013 n.2)).

### D. Leave to Amend Is Not Warranted

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citation omitted); *see Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). "[W]hen substantial similarity is absent after a review of the works at issue[,] no amendment could cure the complaint's deficiencies, thus, dismissal with prejudice is not uncommon." *Gallagher v. Lions Gate Entertainment, Inc.*, 2015 WL 12481504 (C.D. Cal. 2015), at *2 (collecting cases); *see Rentmeester*, 883 F.3d at 1125. Because, as a matter of law, the Subject Design and Accused Garment are not substantially similar, leave to amend is not warranted.

## V. CONCLUSION

For these reasons, JollyChic respectfully requests that the Court dismiss Plaintiff's Complaint without leave to amend for lack of any substantial similarity.

Respectfully submitted,

Dated:  November 16, 2018

WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN

By: */s/ Andy Liu*

Attorneys for Defendant JOLLYCHIC INC.