C. YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Fax: 213-315-5035

Attorneys for Plaintiff C&SM INT'L

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&SM INT'L., a South Korea Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>JOLLYCHIC, INC., a California corporation; HAIYAN LI, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-03648-CBM-AFM<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT** |

## TABLE OF CONTENTS

I.   INTRODUCTION ………………………………………… 2
II.  ARGUMENTS …………………………………………….. 3
   1. The Extrinsic Test Is Satisfied Because the Subject Design and the Accused Pattern Are Identical in Each And Every Detail. ……...........… 3
   2. The Subject Design Is Original As It Includes Protectible Elements……………………………………………………. 5
   3. The Accused Pattern Also Copied the Original Selection, Coordination And Arrangement of the Subject Design. ……………………….….. 7
   4. Differences in Color Or Even If Any, Some Differences As to Certain Shapes Do Not Make the Two Works Dissimilar…..…………...…… 9
   5. Jollychic Failed to Identify Even A Single Element That Is Unprotectible………………………………………….…….…… 10
   6. As Plaintiff Satisfies the Extrinsic Test, the Intrinsic Test Should Be Left to the Jury…………………………………………….……..11
   7. The Motion Should Also Be Denied As to the Claims for Vicarious and Contributory Liabilities. ……………………………...………..12
   8. Monetary Sanctions Should Be Imposed Against Jollychic And Its Counsels Because the Motion for Judgment Is Simply Baseless And They Knowingly Filed Such A Baseless Motion. ……….……………..13
III. CONCLUSIONS ………………………………………… 14

## I. INTRODUCTION

Defendant Jollychic filed this motion for judgment upon pleadings for the reason that after filtering out unprotected elements from Plaintiff's Subject Design "Kay 25" ("Subject Design"), there would be nothing left for comparisons with the printing pattern ("Accused Pattern") of the accused garments in this case. In doing so, Jollychic completely failed to identify exactly what are unprotected elements to be filtered out of the Subject Design and explain why they are unprotected. Jollychic simply cited to some precedent cases explaining the law, but completely failed to explain how such precedent cases apply to filter out any element of the Subject Design in this case.

Jollychic also argues there is no substantial similarity between the Subject Design and the Accused Pattern while presenting the pictures thereof side by side. While they intentionally compare them as the Subject Design v. the screenshot of the relevant webpage, as opposed to a side-by-side comparison of the Subject Design to the Accused Pattern on the screenshots. Doc. No. 39-1, p.9.



In fact, even such unfair comparison still represent the Accused Pattern is a copy of the Subject Design. Of course, if they are really compared side by side between the Subject Design and the Accused Patter as below, it clearly show that they are simply "identical" which is more than strikingly similar or substantially similar.

This motion was filed at a sudden in multiple cases against Jollychic about multiple different designs Jollychic copied against multiple fabric wholesalers in attempts to harass the plaintiffs' counsel by simultaneously filing the motions as well as serving discovery requests around the time of settlement discussion.

## II. ARGUMENTS

**1. <u>The Extrinsic Test Is Satisfied Because the Subject Design and the Accused Pattern Are Identical in Each And Every Detail.</u>**

Under *L.A. Printex Industry v. Aeropostale, Inc.*, the court first applies the extrinsic test, which asks whether certain protectable elements in two works are substantially similar in "<u>objective **details** in appearance</u>", including, without limitation to, the subject matter, shapes, colors, materials and arrangement of the representations. *L.A. Printex Industry v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012). The extrinsic test is the "objective comparison of specific expressive elements." *L.A. Printex*, 676 F.3d at 848 (quoting *Cavalier v. Random House, Inc.*, 297 F.2d 815, 822 (9th Cir. 2002). In contrast, "the intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006).

The correct analysis for the extrinsic test is the "objective comparison of ***specific* expressive elements**." *L.A. Printex,* 676 F.3d at 848 (emphasis added) (quoting *Cavalier v. Random House, Inc.*, 297 F.2d 815, 822 (9th Cir. 2002). As

shown below, <u>objective details in appearance</u> between the Subject Design and the pattern on the same screenshot are simply identical.







| ACCUSED PATTERN | SUBJECT DESIGN |



As shown above, there is not really different part except difference in colors. The comparisons of the Subject Design with the Accused Patterns on other accused garments also lead to the same conclusion.

2. **<u>The Subject Design Is Original As It Includes Protectible Elements.</u>**

The originality is presumed because the United States Copyright Office granted Plaintiff a Certificate over the Subject Design, and "[s]ince originality of the author is a necessary condition to the validity of the copyright, it follows that a certificate of registration properly obtained within the prescribed five year period constitutes *prima facie* evidence of the author's originality." 3 NIMMER ON COPYRIGHT § 12.11[A] (1989).

To rebut the presumption, Jollychic as a defendant and the moving party has the burden of showing certain portions have been in the public domain prior to the creation of the Subject Design, which requires an *expert testimony*.[1] *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994) (emphasis added). Having to rely on an expert's testimony makes the motion to dismiss improper because such a motion should rely only upon the pleadings and judicially noticeable facts.

Typically, the identifying protectible elements is done before comparison for extrinsic test analysis, but in this case as shown above, the two works are simply the same, and therefore, whatever element or arrangement be identified to be protectible elements does not really matter because in every level and detail, the two works are simply the same.

The flowers, leaves, stems and other complicated geometric shapes on their own has very unique and original details in expression thereof. While the concept/idea of the flower may be the same as a rose is a rose, but different designers express the details of a rose in gazillions of different ways, which makes the expressed works original.



---

[1] Additionally, as discussed below, it is well settled that "<u>original selection and arrangement of otherwise uncopyrightable components</u> may be protectable." (emphasis added) *Feist,* 499 U.S. at 348-51.

**3. The Accused Pattern Also Copied the Original Selection, Coordination And Arrangement of the Subject Design.**

In addition to the detailed expressions of each of flowers, leave, stems and other shapes, the Accused Pattern also copied the selection, coordination and arrangements too. "<u>Original selection, coordination, and arrangement of unprotectible elements</u> may be protectible expression." (emphasis added) *L.A. Printex,* 676 F.3d at 849. In this case, the arrangement of the elements such as flowers, leaves, stems and other complicated shapes shown in the Subject Design are also copied by the Accused Pattern.

Jollychic cited to LA Printex case in a misleading way. The 9th Circuit Court in the case stated;

> C30020 is a repeating pattern of bouquets of flowers and three-leaf branches.3 The idea of a floral pattern depicting bouquets and branches is not protectible, and C30020 has elements that are not protectible, for example the combination of open flowers and closed buds in a single bouquet or the green color of stems and leaves. *See Satava v. Lowry,* 323 F.3d 805, 811 (9th Cir.2003).4 However, L.A. Printex's <u>original selection, coordination, and arrangement of such elements</u> is protectible. *See Feist Publ'ns,* 499 U.S. at 362, 111 S.Ct. 1282; *Metcalf,* 294 F.3d at 1074. <u>Because there is "a wide range of expression" for selecting, coordinating, and arranging floral elements</u> in stylized fabric designs, "<u>copyright protection is 'broad'</u> and a work will infringe if it's 'substantially similar' to the copyrighted work." *Mattel, Inc. v. MGA Entm't, Inc.,* 616 F.3d 904, 913–14 (9th Cir.2010). That is, "there *851 are <u>gazillions of ways</u>" to combine petals, buds, stems, leaves, and colors in floral designs on fabric, in contrast to the <u>limited number of ways</u> to, for example, "paint a red bouncy ball on black

>                canvas" or <u>make a lifelike glass-in-glass jellyfish
>                sculpture</u>. *See* id.; *Satava,* 323 F.3d at 812.

*L.A. Printex Ind., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850-851 (2012).

What the court in *L.A. Printex* found unoriginal was for example, a simple combination of things such as a lifelike glass-in-glass jellyfish or a red bouncy ball in black canvas. Had the jellyfish been expressed by a designer in her own way, it might have been original, but the jellyfish in the glass was just a jellyfish, not expressions of a jellyfish by a designer. The ways of combining a jellyfish and glasses would be very limited, and so was the number of ways of combining a ball and a black canvas.





Jollychic also cited *to Ets-Hokin*, but the subject design was about a Skyy Vodka bottle that did not have much of new expressions anyways as shown above. See generally, *Ets-Hokin v. Skyy Spirits* 225 F.3d 1068. Either of merger or scènes à faire doctrines applicable to the vodka bottle in *Ets-Hokin* would not

have a bearing in this case.

In this case, the Subject Design selected, coordinated and arranged not only floral elements but also other complicated geometric shapes shown in black color on white background, which makes this Subject Design a unique stylized fabric design out of more than gazillions of ways to do so. As the court stated in *L.A. Printex*, there are gazillions of ways of combining the elements in the Subject Design.

### 4. Differences in Color Or Even If Any, Some Differences As to Certain Shapes Do Not Make the Two Works Dissimilar.

"It is entirely immaterial that, in many respects, plaintiff's and defendant's works are dissimilar, if in other respects, similarity as to a substantial element of plaintiff's work can be shown." *L.A. Printex Ind.*, 676 F. 3d. at 851 (citing 4 NIMMER ON COPYRIGHT § 13.03[B] [1][a]). Thus, an analysis of substantial similarity should **focus on the elements that are similar, not on the elements that are dissimilar**. *See* 4 NIMMER ON COPYRIGHT § 13.03[B] [1][a] (2017).

"Fragmented literal similarity exists where the defendant copies a portion of the plaintiff's work exactly or nearly exactly, without appropriating the work's overall essence or structure. *Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004). "[I]t is enough that substantial parts were lifted; no plagiarist can excuse the wrong by showing how much of his work he did not pirate." (emphasis added) *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936).

Furthermore, contrary to Defendants' claims, "colors" are not the determinative element for a design to receive copyright protection; they are but one element that may receive protection under the law. *L.A. Printex Industry,* 676 F.3d at 849. Mere color differences alone are also insufficient to defeat a showing of substantial similarity. *See, e.g., Novelty Textile, Inc. v. Windsor Fashions, Inc.,*

No. CV1205602BROMANX, 2013 WL 12114062, at *6 (C.D. Cal. Aug. 21, 2013).

Further, "[e]ven if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity." *Shaw v. Lindheim*, 919 F.2d 1353, 1363 (9th Cir. 1990). In this case, the Accused Pattern copied each and every detail except colors, which presents a lot stronger case for Plaintiff than *Shaw*.

### 5. **Jollychic Failed to Identify Even A Single Element That Is Unprotectible.**

Jollychic spends considerable pages contending that, as a matter of law, the Subject Design is unprotected and unoriginal, and that Plaintiff's Subject Design is substantially similar to public domain images. But, as discussed below, courts have made it clear that these are matters for a jury to consider based upon expert testimony, and not upon Jollychic's unilateral, self-serving beliefs. In fact, Jollychic identified nothing as non-protectible element. It only said generic shapes, public domain, and stock elements should be filtered out, but completely failed which elements of the Subject Design are either of those. There was simply no evidence of any pre-existing designs that were available as public domain.

Jollychic also contends that Plaintiff's Subject Design is unoriginal because the elements of the Subject Design have been in common use for a long time while completely failing to identify which elements have been in common use at all. However, the foregoing authority makes it clear that Jollychic's opinion on these unique and contentious factual issues is irrelevant. Jollychic is ***not*** an expert on, as a matter of law, what constitutes "substantial similarity" and what elements are unprotected. There was no foundation laid for anyone's testimony as an expert in the motion, and the motion to dismiss is not allowed to rely on expert's opinion as it is to rely on only the allegations and judicially noticeable facts which

do not include expert opinions. Jollychic's unqualified opinions should be given no weight by this Court, as these issues are only proper for a jury to decide.

In fact, as shown in the side by side comparisons above, the many elements presents unique expressions of quite complicated shapes that are more than mere generic shapes such as triangle. Further, Jollychic's argument entirely ignores the Subject Design's unique selection and arrangement of its shapes, which is part and parcel of "independent creation." Just because the Subject Design utilizes squares, crosses and triangles, amongst other figures, does not mean that it is not an original work subject to copyright protection. In this case, even little circular shapes put together as a big arrangement, are making a unique combination which again makes protectible elements.

Along these lines, this Court should also reject Jollychic's contention that Plaintiff is only entitled to a "thin-copyright" as a matter of law. Again, jollychic is not an expert on these factual issues. Furthermore, Jollychic has not demonstrated how Plaintiff's Subject Design is limited to a "narrow range of expression,", given that there is an endless variation of ways that Plaintiff could have arranged the different components of the Subject Design, lending itself to broad protection under copyright law. *See McCulloch v. Albert E. Price, Inc.,* 823 F.2d 316, 321 (9th Cir. 1987) (artistic work like a decorative plate receives broader protection because of endless variations of expression available to artist).

### 6. **As Plaintiff Satisfies the Extrinsic Test, the Intrinsic Test Should Be Left to the Jury.**

Defendant may argue that, due to the color differences, substantial similarity does not exist. This is an incorrect application of the extrinsic test. Such arguments fail to discuss the most basic steps of the extrinsic test – identifying the protectable/expressive elements (which includes both separate components and the designs as a whole), and conducting an objective comparison that focuses on

11
PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT

1 | the *similarities* between the protectable elements (not the dissimilarities, which are "entirely immaterial" if similarity as to a substantial element of the Subject Design can be shown). Instead, typically, Defendants incorrectly engaged in an examination of their "subjective impressions of the similarities between two works," limiting their comparison to "the Subject Design taken as a whole" (*See* Docket No. 25: 14–15.); this analysis is improper, as it is "exclusively the province of the jury."

Even at summary judgment, the court must analyze the claim for infringement using only the extrinsic test. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)("for summary judgment, only the extrinsic test is relevant")(quoting *Kouf v. Walt Disney Pictures and Television*, 16 F.3d 1042,1044 (9th Cir. 1994)). "<u>If plaintiff satisfies the extrinsic test, the intrinsic test's subjective inquiry must be left to the jury</u> and summary judgment must be denied." (emphasis added) *Id.*

Even at summary judgment, the court must analyze the claim for infringement using only the extrinsic test. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)("for summary judgment, only the extrinsic test is relevant")(quoting *Kouf v. Walt Disney Pictures and Television*, 16 F.3d 1042,1044 (9th Cir. 1994)). "If plaintiff satisfies the extrinsic test, the intrinsic test's subjective inquiry must be left to the jury and summary judgment must be denied." *Id.*

### 7. <u>The Motion Should Also Be Denied As to the Claims for Vicarious and Contributory Liabilities.</u>

Jollychic also argued Plaintiff could not prove either contributory and vicarious liabilities based on its own self-serving conclusory statements that Plaintiff could not prove a direct infringement because there is no similarity,

which is simply not true. Therefore, as to claims for indirect infringements, the motion should also be denied.

8. <u>**Monetary Sanctions Should Be Imposed Against Jollychic And Its Counsels Because the Motion for Judgment Is Simply Baseless And They Knowingly Filed Such A Baseless Motion.**</u>

Under its inherent power to control the judicial process, the Court may enter sanctions for litigation misconduct. *See Chambers v. NACSO, Inc.*, 501 U.S. 32, (1991) (recognizing the inherent power of the courts to impose appropriate sanctions where conduct disrupts the judicial process). The Ninth Circuit has concluded that sanctions are available under the Court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *See Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see also Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

This motion was filed at a sudden in multiple cases against Jollychic about multiple different designs Jollychic copied against multiple fabric wholesalers in attempts to harass the plaintiffs' counsel by simultaneously filing the motions as well as serving discovery requests around the time of settlement discussion. The reasonable investigation of the pictures attached to the complaint would clearly find there is no such problem as lack of similarity at all. The motion simply fails to identify any element that may not be protectible for any reasons such as public domain. As discovery is pending, they could request more pictures and analysis from Plaintiff or their experts, or through their own investigation. However, by simply comparing the Subject Design with the screenshots, not the Accused Pattern, Jollychic argues they are not similar at all. This motion was obviously filed with improper motive in bad faith, which wasted Plaintiff's and the Court's time. Therefore, sanctions should be imposed against Jollychic and its counsels.

## III. CONCLUSIONS

As stated above, the motion is not only baseless but also was filed with improper motive of harassing Plaintiff and its counsel. Instead of cooperating on such efforts to resolve the matter, Jollychic and its counsels has chosen to play this game of simultaneously filing baseless motions and simultaneously serving excessive amount of discoveries in multiple cases that are in fact pending due to their series of copying of the multiple designs of multiple fabric wholesalers who are investing extensive amount of time and money in developing new designs to compete in the market.

Plaintiff therefore hereby request the Court please deny the motion, and impose monetary sanctions against the defendants and their counsels, upon confirmation of which Plaintiff's counsel would submit a declaration specifying the attorney fees amount.

Dated: December 4, 2018

RESPECTFULLY SUBMITTED,

/s/*C. Yong Jeong*
Chan Yong Jeong
JEONG & LIKENS, L.C.
Attorneys for Plaintiff